IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY K. WHITT                                                                                        PLAINTIFF

v.                                       Civil No. 15-5189

UNITED STATES OF AMERICA                                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *pro se* and *in forma pauperis.*  The Plaintiff is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction (ADC).

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**1.  Background**

According to the allegations of the complaint, Plaintiff believes he is being detained against his will while being monitored and investigated by the United States Marshal Service in an attempt to "manipulate me away from the truth of a conspiracy involving both Federal and local Law Enforcement."  Doc. 1 at 4.  Plaintiff asserts that his own wife was used as a tool against him.

Plaintiff alleges he began his incarceration at the Washington County Detention Center (WCDC) on October 1, 2014.  Plaintiff asserts that he is in grave danger and is in need of emergency relief.  While at the WCDC, Plaintiff maintains his property, including his legal papers,

-1-

were removed from his cell, his mail was tampered with, and his phone calls were cut off and/or certain phone numbers were blocked.

As relief, he asks that the individuals involved in the conspiracy be incarcerated. He asks for help in getting his children into his custody, for compensatory damages, and for counseling for his family. He states he wants his life back and compensation for his losses.

**2. Discussion**

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal. I note that this case appears to be duplicative of Whitt v. United States of America, Civil No. 15-5157. A report and recommendation (Doc. 8 in Civil No. 15-5157) has been entered recommending that the case be dismissed.

Section 1983 provides no right of action against federal officials or the United States. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). Neither the United States nor federal officials act under color of state law. See e.g., Parker v. Boyer, 93 F.3d 445, 448 (8th Cir. 1996)(§ 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible); Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir.1986) ("Federal officers acting under federal authority are immune from suit under section 1983").

Rather, a claim that a federal official has violated an individual's constitutional rights is considered a Bivens claim. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Supreme Court held in Bivens that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. Bivens, at 389.

Here, however, Plaintiff sues not a federal official but the United States. The doctrine of sovereign immunity provides that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 86 (1941). The United States has not waived its sovereign immunity in Bivens actions. See e.g., Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993); Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989); Williamson v. United States, 815 F.2d 368, 380 (5th Cir. 1987); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985).

AO72A
(Rev. 8/82)

The only other possible basis for jurisdiction would be the Federal Tort Claims Act (FTCA). However, an FTCA claim cannot be filed until it is presented to the appropriate federal agency and the claim has been finally decided. 28 U.S.C. § 1346(b).

### 3. Conclusion

I therefore recommend that this case be dismissed as the claims are barred by sovereign immunity. 28 U.S.C. § 1915. The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g) and the Clerk should be directed to enter a § 1915(g) strike flag on this case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE